### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JESSE WATKINS, | : | Civil Action No. 12-4851 (FLW) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | MEMORANDUM OPINION |
| | : | |
| | : | |
| M. MERRIEL, et al., | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**BONGIOVANNI, Magistrate Judge**

Currently pending before the Court is Plaintiff Jesse Watkins' ("Plaintiff"), motion for leave to amend the Complaint [Docket Entry No. 48] to add the Department of Corrections Commissioner Gary M. Lanigan as a Defendant in this action, assert a First Amendment retaliation claim against Defendant Marvin Merriel, and assert a negligence claim against all Defendants. Defendants, M. Merriel, G. Logan, and Sergeant Rokeach, oppose Plaintiff's motion [Docket Entry No. 50]. The Court has fully reviewed the papers submitted in support of and in opposition to Plaintiff's motion, and considers same without oral argument pursuant to Fed. R. Civ.P. 78. For the reasons set forth below, Plaintiff's motion to amend the Complaint is GRANTED.

### I.    Background and Procedural History

On August 3, 2012, Plaintiff commenced this action, seeking relief for an incident that occurred on December 4, 2011, alleging that Defendants' conduct violated his rights, privileges, and immunities under the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. §1983. (*See* Motion to Amend; Docket Entry No. 48). On June 7, 2013, Defendants answered

Plaintiff's Complaint. (*See* Answer; Docket Entry No. 18).

Plaintiff now seeks through this motion to amend the Complaint to (1) add the Department of Corrections Commissioner, Gary M. Lanigan, as a Defendant, (2) assert a First Amendment retaliation claim against Defendant, Marvin Merriel, and (3) assert a negligence claim against all Defendants. (*See* Motion to Amend; Docket Entry No. 48).

## II.    Arguments

### A.  Plaintiff's Argument

Plaintiff argues he should be allowed to amend the Complaint pursuant to Fed. R. Civ. P. 15(a)(2), which takes a liberal approach to pleading.  Plaintiff states that "it is well-settled by the Third Circuit that, leave to amend should be granted freely…and courts should use strong liberality in considering whether to grant leave to amend." *Disability Rights N.J., Inc. v. Velez*, 862 F. Supp. 2d 366, 370 (D.N.J. 2012).  Plaintiff further states that in deciding whether to grant leave to amend, the Court must consider: (1) "undue delay, bad faith or dilatory motive on the part of the movant, (2) repeated failure to cure deficiencies by amendments previously allowed, (3) undue prejudice to the opposing party by virtue of allowance of the amendment, or (4) futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff alleges the Proposed Amended Complaint is based upon facts recently developed during discovery.  For that reason, Plaintiff argues there is no undue delay, bad faith, or dilatory motive in seeking the proposed amendment.  Further, Plaintiff contends the proposed amendment would not result in any undue prejudice towards Defendants nor is the proposed amended complaint futile.

### 1.  Undue Delay, Bad Faith, or Dilatory Motive

Plaintiff argues, in seeking to amend the pleadings, he has not proceeded with undue

delay, bad faith, or dilatory motive.  The facts giving rise to the additional cause of action and defendant, have only recently been disclosed to Plaintiff during discovery, which is still ongoing. Specifically, Plaintiff states the First Amendment retaliation claim arises from a recent encounter between Defendant Merriel and Plaintiff.  (*See* Motion to Amend; Docket Entry No. 48 at 2). Plaintiff contends that this threat/retaliation was directly related to the original complaint in this matter, which provides the legal basis for the proposed cause of action asserted in the proposed amendment. (*Id.*). Plaintiff cites to *Rauser v. Horn*, which held that "a First Amendment retaliation claim exists where a plaintiff engages in constitutionally-protected activity and the defendant takes an adverse action against plaintiff that is causally connected to that activity. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001).  Moreover, Plaintiff argues the retaliation claim will not impact any current deadlines because no additional discovery is required.  Instead, Plaintiff can obtain all necessary information through the deposition of Defendant Merriel.

Similarly, Plaintiff argues the proposed addition of Commissioner Lanigan as a defendant is necessitated by recent developments in discovery.  Therefore, Plaintiff has not proceeded with any undue delay, bad faith or dilatory motive.

## 2.  Undue Prejudice to Opposing Party

Plaintiff further argues amending the Complaint will not cause undue prejudice towards Defendants.  Plaintiff states the issue of undue prejudice requires the Court to focus on the hardship to defendants if the amendment is permitted.  *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).  "To establish prejudice, the non-moving party must make a showing that allowing the amended pleading would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely

action in another jurisdiction. *Carter v. Estate of George Baldwin Lewis, Jr.,* No. 08-1301, 2011 U.S. Dist. LEXIS 128378 at *11.

Plaintiff contends Defendants will suffer no prejudice if Plaintiff's Motion to Amend is granted because Defendants will not be required to expend significant additional resources to conduct discovery for trial, nor does Plaintiff anticipate requesting additional written discovery from Commissioner Lanigan.  (*See* Motion to Amend; Docket Entry No. 48 at 5). Plaintiff only seeks to briefly depose Commissioner Lanigan on a narrow number of issues.  Moreover, Plaintiff contends the proposed amendment will not delay the resolution of the matter since the additional count and additional defendant will not hamper the parties' ability to comply with the deadlines set by the Court's scheduling order.  (*Id*.).  Therefore, if granted, the proposed amended complaint will not unduly prejudice Defendants.

### 3.  Futility

Lastly, Plaintiff argues the proposed amendments are not futile because (1) Plaintiff's retaliation claim has been plausibly pleaded, (2) Plaintiff has sufficiently alleged an Eighth Amendment claim against Commissioner Lanigan, and (3) Plaintiff's negligence claim against Defendants has been plausibly pleaded. (*Id*. at 5-6).

### B.  Defendants' Opposition

Defendants argue Plaintiff should be precluded from amending his Complaint to the extent that; (1) the newly pleaded claims do not relate back to the original pleading, (2) that all proposed claims against Defendant Lanigan are futile for being untimely filed, and (3) that Plaintiff's retaliation claim against Defendant Merriel fails to state any claim for which relief may be based. (*See* Brief in Opposition; Docket Entry No. 50).

### 1.  Time Barred

4

Defendants argue Plaintiff's negligence claims against Defendant Merriel, Logan, and Rokeach should be barred as absolutely untimely pursuant to the New Jersey Tort Claims Act and to permit them would therefore be futile. Defendants reference N.J.S.A. 59:8-8 which provides:

> The claimant shall be forever barred from recovering against a public entity or public employee if:
> …
> b. Two years have elapsed since the accrual of the claim…

Defendants assert that more than two years have elapsed since the accrual of the negligence claims Plaintiff is raising in this matter. (*Id*. at 3). Moreover, Defendants claim this is an absolute bar which applies to intentional torts as well as simple negligence.  (*Id*. citing *Velez v. City of Jersey City*, 850 A.2d 1238, 1241-46 (N.J. 2004)). Therefore, these claims are now absolutely and forever time-barred pursuant to N.J.S.A. 59:8-8b, and cannot be permitted to proceed in this lawsuit.

2.  **Relation Back**

Defendants further argue Plaintiff's claims asserted in the Proposed Amended Complaint against Defendant Lanigan should be barred because they fail to relate back to Plaintiff's original pleading. (*Id*. at 4).  Defendants contest Plaintiff's brief fails to address why the proposed claims against Defendant Lanigan are not time-barred as being raised for the first time, nearly a year after the statutes of limitations expired. (*Id*. at 4-5). Moreover, Defendants argue Plaintiff failed to establish that Defendant Lanigan was on notice of this lawsuit prior to the filing of the motion at hand.

Defendants further contest Plaintiff cannot evade the statute of limitations because Plaintiff cannot satisfy Fed. R. Civ. P. 15(c) for relation back to the original complaint.  (*Id*. at

5

5). Defendants state that to relate back to the date of the original pleading, Plaintiff's amendment must assert a claim or defense that "arose out of the conduct, transaction, or occurrence set out-or attempted to be set out in the original pleading. (*Id*. at 5 citing Fed. R. Civ. P. 15(c)(1)(B). Furthermore, Defendants argue the touchstone for relation back is fair notice, because Rule 15(c) is premised on the theory that a party who has been notified of litigation, has been given all the notice that the statute of limitations was intended to provide. (*Id*. at 7 citing *Baldwin Cty. Welcome Ctr. V. Brown*, 466 U.S. 147, 149 n.3 (1984)).  Defendants go on to state that the Court may impute notice under Rule 15.  The Court may either impute notice via the "shared attorney" method, which is when the same attorney represents the originally named parties and the potential new parties.  The theory is that "the attorney is likely to have communicated to the latter party that he may very well be joined in the action." (*Id*. at 8 citing *Singletary v. Pennsylvania Dep't of Corrs*., 266 F.3d 186, 194 (3d Cir. 2001)).  The other method which notice may be imputed to Defendant Lanigan is the "identity of interest" method, which "generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." Id. at 197.

Here, Defendants admit the proposed claims against Defendant Lanigan arise out of the same conduct, transaction or occurrence that gave rise to the original Complaint.  However, Defendants argue Plaintiff failed to show that Defendant Lanigan was given fair notice of the claims now brought against him.  Specifically, Defendants argue Plaintiff has not established that Defendant Lanigan had actual or constructive notice that a suit was forthcoming against him. Defendants further contest Plaintiff failed to show that notice should be imputed to Defendant Lanigan under the "shared attorney" method or under the "identity of interests" method.

3. **Retaliation Claim is Futile**

Lastly, Defendants argue Plaintiff's proposed retaliation cause of action against Defendant Merriel should not proceed because it is futile as the Proposed Amended Complaint fails to state a claim upon which relief may be based. (*Id*. at 15).

Defendants state in order to prevail on a claim for retaliation under 42 U.S.C. §1983, a plaintiff must prove that: (1) he engaged in constitutionally protected conduct, (2) he was subjected to adverse actions by a state actor, and (3) the protected activity was a substantial motivating factor in the state actor's decision to take the alleged adverse action." (*Id*. at 16 citing *Rauser v. Horn*, 241 F.3d 148, 160 (3d Cir. 1997).

Defendants argue Plaintiff failed to allege with the minimal level of specificity, "whether or how this protected conduct was any motivating factor, let alone a substantial one" in Defendant Merriel's alleged threats against Plaintiff.  (*Id*.). Further, Defendants contend the Proposed Amended Complaint fails to describe with any specificity what retaliatory acts Defendant Merriel took against Plaintiff, when and where they allegedly occurred.  Therefore, Defendants argue Plaintiff's Proposed Amended Complaint fails to state a claim upon which relief may be granted, and consequently is futile.

C. **Plaintiff's Reply**

Plaintiff reiterates in his reply brief that the Court must grant Plaintiff's Motion to Amend because the court should freely give leave to amend when justice so requires and the proposed amendment is not futile.  (*See* Reply Brief; Docket Entry No. 54 citing Fed. R. Civ. P. 15(a)(2)). Moreover, Plaintiff states that Defendants do not address one through three of the *Foman* factors. That is, Defendants do not argue undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, or undue

prejudice to the opposing party by virtue of allowance of the amendment. (Id.).  Rather, Defendants focus on the futility of the proposed amended complaint. Plaintiff echoes his moving papers, stating the underlying fact alleged demonstrate valid bases for relief and is therefore, not futile.

Plaintiff argues the negligence allegations against Defendants Merriel, Logan and Rokeach were included in the original pleading and thus relate back to the original pleading. Moreover, opposing Defendants argument that the claims were time-barred by the two-year statute of limitations, Plaintiff argues *pro se* prisoner's pleadings are subject to less stringent standards of specificity and their complaints are construed liberally.  (*Id*. at 3 citing *Lewis v. Attorney General*, 878 F.2d 714, 722 (3d Cir. 1989)).  Therefore, construing Plaintiff's Complaint liberally, Plaintiff argues he has sufficiently pleaded negligence as to Defendants Merriel, Logan and Rokeach by alleging that (1) "Defendants knew or should have known their actions were in direct violated of established court decisions designed to protect prisoners" and (2) "Defendants has no legitimate penalogical interest and/or security concerns justifying their negligence."  (*Id*.).  Plaintiff argues the proposed amendment only seeks to clarify the already-existing negligence claims against Defendants Merriel, Logan and Rokeach, and therefore it is not futile. Furthermore, Plaintiff argues and Defendants concede that the proposed negligence claims "arise out of the same conduct, transaction or occurrence that gave rise to the original complaint." (*Id*. at 4 citing Brief in Opposition; Docket Entry No. 50 at 9).

Plaintiff further argues the claims alleged against Defendant Lanigan are not time-barred because the first amended complaint was filed well within the two-year statute of limitations. Plaintiff states that the Third Circuit and District Courts within the Third Circuit toll this period when "injured parties reasonable are unaware that they have been injured, or although aware of

an injury, do not know that the injury is attributable to the fault of another." (*Id*. at 4 citing *Thomas v. Corr. Med. Servs., Inc.*, No. 04-3358, 2009 U.S. Dist. LEXIS 21762, at *13-14 (D.N.J. Mar. 17, 2009)). Plaintiff contends it was not until October 20, 2014 when the Court ordered the Department of Corrections to certify to the existence or non-existence of particular policies that Plaintiff discovered that Defendant Lanigan should be named as a party to this action. (*Id*.). More specifically, Plaintiff argues it was not until Plaintiff received the Declaration of Desha Jackson, that there was an evidentiary and legal basis for plaintiff to assert claims against Defendant Lanigan. Therefore, since the statute of limitations were tolled, the claims against Defendant Lanigan are not time-barred.

Plaintiff also contends the allegations against Defendant Lanigan relate back to Plaintiff's original pleading pursuant to Fed. R. Civ. P. 15(c). Plaintiff states "because Defendants concede that the proposed amended claims against Defendant Lanigan arise out of the same conduct, transaction, or occurrence that gave rise to the original complaint," Plaintiff must only show that Defendant Lanigan had sufficient notice of the action. (*Id*. citing Fed. R. Civ. P. 15(c)(1)(C)). In arguing that Defendant Lanigan had sufficient notice, Plaintiff claims he personally notified Defendant Lanigan of his intention to commence an action when he asked that the surveillance video be preserved. (*Id*. at 8 citing December 6, 2011 letter from Mr. Watkins to Commissioner Lanigan). Moreover, Plaintiff states he sent another letter to Defendant Lanigan on April 24, 2013, within the 120 days from the filing of the original complaint, notifying him he that he not only sought administrative remedies but that he had also instituted a civil action. (*Id*.). Therefore, because Plaintiff's claims against Defendant Lanigan relate back to the original Complaint and because he was given sufficient notice, Plaintiff argues leave to amend to add Defendant Lanigan to this litigation should be granted.

Lastly, Plaintiff reiterates that he has sufficiently pleaded a claim for retaliation. Governed by Fed. R. Civ. P. 8(a), Plaintiff states he is only required to "provide a short and plaint statement of the claim…in order to give the defendant fair notice of what the…claim is and the grounds upon which it rests." (*Id*. at 10 citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff states he has plausibly pleaded a claim for retaliation by alleging (1) he filed a lawsuit raising issues of official misconduct, (2) Defendant Merriel threatened Plaintiff's safety and security in the prison, and (3) the threat on Plaintiff's life was retaliatory in nature and a direct response to the filing of Plaintiff's Complaint. (*Id*. at 11). Therefore, Plaintiff argues he has given Defendant Merriel fair notice of his claim and the grounds upon which it rests.

## III.   Analysis

### A.   Standard of Review

According to Fed.R.Civ.P. 15(a), leave to amend the pleadings is generally granted liberally.  *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).  However, the Court may deny a motion to amend where there is "undue delay, bad faith . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id*.  Nevertheless, where there is an absence of the above factors: undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be granted freely.  *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

In deciding whether to grant leave to amend, "prejudice to the non-moving party is the touchstone for the denial of the amendment."  *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (quoting *Cornell & Co., Inc. v. Occupational Health and Safety*

*Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)).  To establish prejudice, the non-

moving party must make a showing that allowing the amended pleading would (1)

require the non-moving party to expend significant additional resources to conduct

discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3)

prevent a party from bringing a timely action in another jurisdiction.  *See Long*, 393 F.3d

at 400.  Delay alone, however, does not usually justify denying a motion to amend.  *See*

*Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).  Rather, it is

only where delay becomes "'undue,' placing an unwarranted burden on the court, or . . .

'prejudicial,' placing an unfair burden on the opposing party" that denial of a motion to

amend is appropriate.  *Adams v. Gould Inc.,* 739 F.2d 858, 868 (3d Cir. 1984).

       Further, a proposed amendment is appropriately denied where it is futile.  An

amendment is futile if it "is frivolous or advances a claim or defense that is legally

insufficient on its face."  *Harrison Beverage Co. v. Dribeck Imps., Inc.,*, 133 F.R.D. 463,

468 (D.N.J. 1990) (Internal quotation marks and citations omitted).  In determining

whether an amendment is "insufficient on its face," the Court employs the Rule 12(b)(6)

motion to dismiss standard.  *See Alvin*, 227 F.3d at 121.  Under Rule 12(b)(6), a motion

to dismiss will be granted if the plaintiff fails to state a claim upon which relief can be

granted.  The United States Supreme Court set forth the standard for addressing motions

to dismiss under Rule 12(b)(6) in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct.

1955, 167 L.Ed.2d 929 (2007).  According to *Twombly*, "[w]hile a complaint attacked by

a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . .  a

plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more

than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do." *Id*. at 1964-65 (citations omitted).  Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965 (citations omitted).

In determining whether a civil complaint sufficiently states a claim for relief, the Court applies a two-part test.  First, the Court must separate the factual and legal elements of a claim.  While the Court must accept as true "all of the complaint's well-pleaded facts[,]" the Court "may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009) (citing *Iqbal*, 129 S.Ct. at 1949). Second, the Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id*. at 211 (quoting *Iqbal*, 129 S.Ct. at 1950).  Merely alleging an entitlement to relief is insufficient.  Instead, the complaint "has to 'show' such an entitlement with its facts." *Id*.  A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 127 S.Ct. at 1955).  Moreover, where the complaint contains allegations sounding in fraud or mistake, said allegations must be pled with particularity.  Rule 9(b).

**B.     Discussion**

The Court finds that Plaintiff should be permitted to amend the Complaint to (1) add the Department of Corrections Commissioner Gary M. Lanigan as a Defendant, (2) assert a First Amendment retaliation claim against Defendant Marvin Merriel, and (3) assert a negligence claim against Defendants Merriel, Logan, and Rokeach.

12

Pursuant to Fed.R.Civ.P.15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). While the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment" (*Id*) where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

As a threshold matter, the Court finds that Plaintiff's motion is not the product of bad faith, dilatory motive or undue delay. The Court focuses on whether the claims asserted in the Proposed Amended Complaint related back to the original Complaint and whether said claims are futile.

An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.,*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To evaluate futility, the District Court uses "the same standard of legal sufficiency" as applied for a motion to dismiss under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "Accordingly, if a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." *Id.*

The Supreme Court stated in *Bell Atlantic Corp. v. Twombly* that "[a]sking for plausible grounds does not impose a probability requirement at the pleading stage, it

simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" to support Plaintiffs' claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The Court finds that Plaintiff has met the plausibility standard set out in *Twombly*.

## Negligence Claims as to All Defendants

The Court finds that Plaintiff's negligence claims against Defendants Merriel, Logan, and Rokeach are comprised of sufficient factual allegations, which when accepted as true and viewed in the light most favorable to Plaintiff, raise Plaintiff's right to relief above the speculative level. Furthermore, the Court finds the negligence claims put forth by then *pro se* Plaintiff, against Defendants, were sufficiently plead in the original pleading so to put Defendants on notice of the impending litigation. Though it may appear Plaintiff failed to place Defendants on notice, the Court must take into consideration that Plaintiff was *pro se* when he initially filed his original Complaint. The Court must construe a *pro se* and prisoner litigant's pleadings liberally. Moreover, "pro se and prisoner litigants are garnated greater leeway in the form of their papers than other parties" and the "contents of the pleadings themselves, when filed by a pro se litigant, must be construed liberally by the Court." *New Jersey Federal Practice Rules*, comment 3 to L. Civ. R. 10.1 (GANN 2014). The Court finds that Plaintiff has included sufficient detail to put Defendants Merriel, Logan and Rokeach on notice of the precise violations being alleged. The Proposed Amended Complaint merely clarifies the already-existing negligence claims against Defendants. As a result, the Court finds that Plaintiff's negligence claims against Defendants Merriel, Logan and Rokeach would survive a Rule

12(b)(6) motion to dismiss and properly place Defendants on notice, and is therefore not futile.

### Retaliation Claim against Defendant Merriel

Similarly, the Court finds that Plaintiff has sufficiently pleaded a claim for retaliation against Defendant Merriel. Defendants incorrectly argue, Plaintiff must plead detailed factual allegations to sufficiently assert their retaliation claim against Defendant Merriel. Plaintiff however, correctly states his claim for retaliation is governed by Fed. R. Civ. P. 8(a), which requires Plaintiff to plead only a short and plain statement of the claim in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Again, when analyzing a motion to amend, the Court must use the same standard of legal sufficiency as applied for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). This requires Plaintiff to plead enough facts to raise a reasonable expectation that discovery will reveal evidence" to support Plaintiffs' claim. To quote Plaintiff, he alleged, "(1) he filed a lawsuit raising issues of official misconduct, (2) Defendant Merriel threatened Plaintiff's safety and security in the prison, and (3) the threat on Plaintiff's life was retaliatory in nature and a direct response to the filing of Plaintiff's Complaint." (*See* Reply Brief; Docket Entry No. 54 at 11). The Court finds Plaintiff has done so for his retaliation claim against Defendant Merriel.

### Addition of Commissioner Lanigan as Defendant

Lastly, the Court finds that Plaintiff may add Commissioner Lanigan as a defendant because the claims asserted against him are not time-barred since they relate back to Plaintiff's original Complaint.  Though the time period to raise the allegations against the newly added Defendant has elapsed, Plaintiff sufficiently demonstrates they can relate back to the original

Complaint pursuant to Rule 15(c).

Fed. R. Civ. P. 15(c) requires a plaintiff to show that: (1) the claim or defense set forth in the amended pleading arose out of the conduct, transaction or occurrence set forth in the original pleading; (2) within the time period provided by Rule 4(m), the party or parties to be added received notice of the institution of the suit and would not be prejudiced in maintaining a defense; and (3) the party sought to be added knew that, but for a mistake concerning his identity, he would have been made a party to the action.

Here, the Plaintiff argues and Defendant goes so far as to admit, that the proposed amended claims against Defendant Lanigan arise out of the same conduct, transaction or occurrence that gave rise to the original Complaint.  Therefore, the Court must only determine whether the proposed defendant was given sufficient notice of the impending litigation.

The Court finds that Defendant Lanigan was provided with sufficient notice of this action on two levels. First, Defendant Lanigan had actual notice of the instant lawsuit. Plaintiff notified Defendant Lanigan of his intention to commence an action regarding the December 4, 2011 incident; two days after the incident took place, when he requested that the surveillance video be preserved. Moreover, Plaintiff sent another letter to Defendant Lanigan on April 24, 2013 requesting assistance to stop Defendant Merriel's repeated harassment, as well as, notifying Defendant Lanigan that Plaintiff sought administrative remedies and had instituted a civil action.

Second, the Court may impute constructive notice on Defendant Lanigan via the "identity of interest" method established in *Singletary*.  The "identity of interest" method generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other. Defendant Lanigan, the Department of Corrections Commissioner, is considered a public official

16

and is "charged with the knowledge that he is the appropriate target of Section 1983 suits."

*Mosley ex rel. Jackson v. City of Chicago*, No. 03-4915, 2008 U.S. Dist. LEXIS 41117, at *9-10.

As a public official in charge of an agency, in this case the Department of Corrections, he should

be aware of Plaintiff's Section 1983 claims. Moreover, the "identity of interest" method imputes

knowledge of those on the administrative level because they are in a position where they would

naturally participate in a discussion of the pending lawsuit. Not only should Defendant Lanigan

have been notice of the instant lawsuit due to his official capacity, he was even made aware of

the fact that Plaintiff intended and even took actions to imitate a lawsuit against employees under

his control. Therefore, the Court finds Defendant Lanigan was on notice of the instant lawsuit.

### C.      Conclusion

For the reasons stated above, Plaintiff's motion seeking leave to file an Amended

Complaint to (1) add the Department of Corrections Commissioner Gary M. Lanigan as a

Defendant in this action, (2) assert a First Amendment retaliation claim against

Defendant Marvin Merriel, and (3) assert a negligence claim against all Defendants is

GRANTED.

An appropriate Order follows.

Dated: March 19, 2015


      s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**